**CLD-339**                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-2945

_____

IN RE:  ROBERT R. DAVIES,
                                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2:15-cv-00860; Crim. No. 2:07-cr-00436)

_____

Submitted Pursuant Rule 21, Fed. R. App. P.
July 7, 2016

Before:  FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 19, 2016)

_____

OPINION[*]

_____

PER CURIAM

    Petitioner Robert Davies filed this petition for a writ of mandamus pursuant to 28

U.S.C. § 1651, seeking (1) disqualification of the United States District Judge who

presided over his case and vacatur of all orders entered since the motion for recusal was

filed, and (2) reversal of his conviction and dismissal of his indictment based on a

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

recently filed (and dismissed) third successive § 2255 motion. For the following reasons, we will deny the petition.

A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). A petitioner must show "no other adequate means to attain the desired relief, and . . . [a] right to the writ [that] is clear and indisputable.'" In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citing Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 861 (3d Cir. 1994)).[1]

As an initial matter, to the extent that Davies requests that we order the District Court to grant his recently-dismissed third § 2255 motion, or take some other action to simply vacate his conviction, he is not entitled to the mandamus relief. Mandamus "should not be issued where relief can be obtained through an ordinary appeal." In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998) (quoting Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 462 (3d Cir. 1996)). Mandamus is only "available when necessary to prevent grave injustice." Bogosian v. Gulf Oil Corp., 738 F.2d 587, 591 (3d Cir. 1984). We still perceive no "grave injustice" with the outcome in the District Court

---

[1] Although we have the power to issue extraordinary writs, we nevertheless are chary in exercising that power. "Even when the petitioner shows that there is no other adequate means to obtain the desired relief, and also has shown a 'clear and indisputable' right to issuance of the writ, the exercise of our power is largely discretionary." Alexander v.

2

regarding Davies's Fourth Amendment rights, his Sixth Amendment right to counsel, his right to a speedy trial, or the definition of his offense in the federal code as applied to the facts of his case.[2]  Regardless, these are all matters for a traditional appeal, not a mandamus petition.[3]

To the extent that Davies argues that recusal is proper under 28 U.S.C. § 455 on the basis that the impartiality of the judge presiding over his case might reasonably be questioned, we may consider the issue on mandamus.  See In re Kensington Int'l Ltd., 353 F.3d 211, 219-20 (3d Cir. 2003).  To determine whether the extraordinary writ should issue, we review the decision not to recuse for abuse of discretion.  Id. at 301 & n.12 (3d Cir. 2004).  If a reasonable person, with knowledge of all the facts, would reasonably question a judge's impartiality, that judge must recuse under § 455(a).  See id. at 302.  Given the facts of this case, the District Judge did not need to recuse.  Davies's primary basis for recusal, his continued dissatisfaction with District Court legal and

---

Primerica Holdings, 10 F.3d 155, 163 (3d Cir. 1993) (citations omitted).

[2] It is worth noting that Davies has already sought the assistance of this Court multiple times, to no avail.  This Court denied Davies's applications for Certificates of Appealability concerning both first and successive § 2255 motions.

[3] Davies contends that the District Judge did not enter a final order in Civil Action number 15-cv-00860 concerning his third successive § 2255 motion.  For case management purposes, both documents docketed in case number 15-cv-00860 were docketed in the criminal case docket instead.  Based in part on this Court's prior finding, on October 20, 2015, that "[j]urists of reason would not debate that the District Court lacked jurisdiction to consider Davies' filings that challenged his conviction, as those motions were unauthorized second or successive motions to vacate his conviction," the District Court ruled on the third motion and denied it in an order dated May 5, 2016, docketed at number 201 in Criminal Action number 07-cr-00436.  This is sufficient to constitute a final order in Civil Action number 15-cv-00860.

procedural rulings, does not require recusal. Liteky v. United States, 510 U.S. 540, 555 (1994). Furthermore, recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation." In re United States, 666 F.2d 690, 694 (1st Cir. 1981). In this case, Davies's allegations of (1) ex parte communications between the District Judge and his retained counsel and (2) the District Judge tampering with court records, as examples, are just that.

Finally, Davies complains at length about what can fairly be described as the District Judge's case management decisions, including supposedly improperly granting scheduling indulgences to the government and timing certain actions and rulings to the purported detriment of Davies.[4] However, this Court "accord[s] district courts great deference with regard to matters of case management," Drippe v. Tobelinksi, 604 F.3d 778, 783 (3d Cir. 2010), and "will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant," In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982).[5] Davies has not met that bar.

---

[4] The government noted below that Davies is a serial filer of long pleadings requiring frequent requests for extensions of time to prepare adequate responses.

[5] Davies also faults the District Judge for ordering him to redact a pleading to omit the names of the underage girls who had been involved in his crime. We do not agree. As the District Court concluded in its analysis, Davies pleaded guilty to traveling with intent to engage in illicit sexual conduct with the minors, who, because they were under 18 and traveling in foreign commerce, were victims of a crime of sexual abuse as defined by law, United States v. Schneider, 801 F.3d 186, 196-97 (3d Cir. 2015), with attendant privacy rights under 18 U.S.C. § 3509.

4

For these reasons, the District Judge did not err in denying Davies's motion and declining to recuse from hearing his case, and there is thus no need to vacate any orders entered by the District Judge on this basis. Moreover, we conclude that there is no other grounds here for an extraordinary remedy. Davies's petition for a writ of mandamus is denied.